UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JONATHAN CANTWELL,
    Plaintiff,

v.                                         Case No.: 3:23cv7330/TKW/ZCB

STATE OF FLORIDA, et al.,
    Defendants.
_____/

### REPORT AND RECOMMENDATION

This is a *pro se* case where Plaintiff has sued seven Defendants for their actions relating to the foreclosure of his property. Plaintiff's initial complaint was struck because it was a shotgun pleading. (Doc. 4). Plaintiff was provided an opportunity to amend his complaint or file a notice of voluntary dismissal. (*Id.*). Plaintiff filed an amended complaint on June 6, 2023. (Doc. 6). Because Plaintiff's amended complaint is a shotgun pleading and the Court lacks jurisdiction to review the state court's foreclosure decision, this case should be dismissed.

### I.   Procedural Background

Plaintiff initiated this action by filing a complaint on March 30, 2023. (Doc. 1). In his initial complaint, Plaintiff sued six Defendants—(1) the State of Florida, (2) Jonathan M. Sykes, Esq., (3) Judge Mary K. Polson, (4) Judge Terrance R. Ketchel, (5) Nardella & Nardella PLLC, and (6) WBL SPO I LLC (a financial lender). (Doc. 1 at 6). The Court struck Plaintiff's complaint as an impermissible

1

shotgun pleading. (Doc. 4 at 1-6). The Court also advised Plaintiff that any claims against state court judges for their actions during a foreclosure proceeding would be barred by absolute immunity. (*Id.* at 6-7). Similarly, the Court advised Plaintiff that the State of Florida is immune from damages actions. (*Id.* at 8). Plaintiff was ordered to file an amended complaint or notice of voluntary dismissal by May 29, 2023. (*Id.* at 10).

Plaintiff filed an amended complaint, naming five of the same defendants named in his initial complaint and adding two new defendants. (*Id.* at 2). In his amended complaint, Plaintiff lists the following parties as Defendants: (1) Jonathan Sykes, (2) Nardella & Nardella PLLC, (3) Judge Mary K. Polson, (4) Judge Terrance R. Ketchel, (5) Judge William F. Stone, (6) the State of Florida, and (7) the Okaloosa County Sherriff's Department. (*Id.*). Plaintiff's amended complaint cites an array of federal law, such as the Sixth Amendment, 42 U.S.C. § 1983, the Trading with the Enemy Act (50 U.S.C. § 53), and 15 U.S.C. § 1592 ("Debt Collection"). (*Id.* at 7, 10). It also cites to an assortment of state law, including property deed fraud, the Florida Debt Collection Practices Act, and wrongful foreclosure. (*Id.* at 7-10). Sprinkled in Plaintiff's list of claims are also citations to other things, such as "Local Rule 5b." (*Id.* at 7, 9).

## II. Discussion

**A. Plaintiff's amended complaint is a shotgun pleading.**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). And Rule 10(b) requires a plaintiff to "state its claims [] in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Shotgun pleadings are "flatly forbidden." *Id.* And district courts have the "authority to dismiss a shotgun pleading on that basis alone." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

The Eleventh Circuit has explained that there are four types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) "a complaint that does not separate each cause of action or claim for relief into a different count"; and (4) "a complaint that asserts multiple claims against multiple defendants without specifying which of

3

the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov*, 986 F.3d at 1324-25 (cleaned up). What all four types of shotgun pleadings have in common is "that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). And dismissing shotgun pleadings is necessary because "district courts have neither the manpower nor the time to sift through a morass of irrelevant facts in order to piece together" a plaintiff's claims. *Barmapov*, 986 F.3d at 1327-28 (Tjoflat, J., concurring).

Plaintiff's amended complaint falls into three of the four categories of shotgun pleadings. First, it is riddled with "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Barmapov*, 986 F.3d at 1325. The amended complaint is vague, and it is difficult to decipher the events giving rise to Plaintiff's claims. Plaintiff's allegations do not clearly identify how each Defendant was involved and what each Defendant did or did not do to give rise to his claims. It is unclear what—if any—facts in the amended complaint support Plaintiff's alleged claims. For example, Plaintiff lists several "records" that he claims "will show an offsetting liability to the Plaintiff," but it is unclear what these records are, how they are relevant to the case, or what information the records

4

contain. (*Id.* at 10). Below are two more examples of vague allegations in Plaintiff's amended complaint:

- "(#2) Violation of Local Rule 5b[.] a. On 5/8/23 Jonathan M. Sykes, who filed entry of appearance, is affiliated with the law firm in the state court complaint is barred by Local Rule 5(b) from representing the law firm in Court. The law firm cannot appear pro se. Jonathan M. Sykes acted as an agent of the state court case, Plaintiff WBL I SPO, when he signed and filed a "proposed writ of possession" while there was an active federal court case and an active state counterclaim." (*Id.* at 9).

- "In Okaloosa County District Court case # 2022 CA 00249 F 3 Judges have recused themselves and there is no judge assigned to his case, there is a counterclaim against these Judges which is a conflict of interest." (*Id.* at 6).

In both examples, it is unclear how Defendants' actions allegedly violated federal law. Plaintiff's complaint also fails to include a demand or indicate the relief sought. Fed. R. Civ. P. 8(a)(3) (requiring a complaint to contain a demand for the relief sought).

The complaint also contains several conclusory allegations with no supporting explanation. Indeed, the amended complaint repeatedly cites to federal and state legal authorities with no supporting factual allegations. (Doc. 6 at 7). In one part of his complaint, Plaintiff brings a § 1983 claim for a violation of his due process rights "by using an unfair court process." (Doc. 6 at 10). He provides no factual allegations to support his § 1983 claim. Plaintiff also alleges that the Defendant-Judges violated the Sixth Amendment, but once again provides no supporting explanation. These

5

examples are just a few of the numerous factually unsupported and conclusory allegations contained in the complaint.

Second, the complaint "does not separate each cause of action or claim for relief into a different count." *Barmapov*, 986 F.3d at 1325 (internal quotations omitted). Plaintiff's complaint is a jumbled conglomeration of facts, citations to legal authorities, and allegations. Plaintiff spreads (what appear to be) his causes of action throughout the complaint. He fails to abide by the instructions on the complaint form, making it difficult to ascertain his claims. For example, Plaintiff lists several of his causes of action on a page with the header "Factual Allegations, Continued" and then writes "Basis for Jurisdiction: (continued)." (Doc. 6 at 7). But later in the "Statement of Claim" section of the complaint, Plaintiff lists additional causes of actions not listed earlier and omits others. (*Id.* at 8-10). Because of how the amended complaint is drafted, it is impossible to determine just how many claims are being brought, what those claims are, and against whom they are being brought.

Third, Plaintiff's complaint "asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov*, 986 F.3d at 1325 (cleaned up). Instead of clearly identifying what claims are being brought against which Defendants, everything is mixed together in a mass

6

of conclusory allegations and citations with very little differentiation between claims and Defendants.[1]

Plaintiff's complaint is a shotgun pleading. It fails to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (internal quotations omitted). The Court recognizes that Plaintiff is proceeding *pro se* and that *pro se* pleadings are construed liberally. *See, e.g.*, *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017). But a court is not tasked with rewriting a deficient pleading, even if brought by a *pro se* party. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." (cleaned up)).

Plaintiff was told of the deficiencies in his complaint, provided with an opportunity to re-plead the complaint to cure those deficiencies, and warned that a failure to do so would result in a recommendation of dismissal of his case. (Doc. 4

---

[1] Dismissal would also be warranted against many of the Defendants because of immunity doctrines. For example, the Eleventh Amendment bars damages actions against the State of Florida. *Seminole Tribe of Fla. v. State of Fla.*, 11 F.3d 1016 (11th Cir. 1994). Judges Polson, Ketchel, and Stone are entitled to absolute judicial immunity to the extent Plaintiff is seeking to collect damages for actions taken in the Defendant-Judges' judicial capacities. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). And the Okaloosa County Sheriff's Department is not a legal entity with the capacity to be sued under Florida law. *Faulkner v. Monroe County Sheriff's Dept.*, 523 F. App'x 696, 700-701 (11th Cir. 2013).

7

at 6). Nonetheless, Plaintiff failed to cure the deficiencies in his amended complaint. His amended complaint is, therefore, subject to dismissal. *See Jackson*, 898 F.3d at 1358 (explaining that the district court should "give the plaintiff one chance to remedy such deficiencies" before dismissing the complaint as a shotgun pleading); *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) (affirming dismissal of a shotgun pleading after the court provided the plaintiff with an opportunity to file an amended complaint); *Toth v. Antonacci*, 788 F. App'x 688, 691 (11th Cir. 2019) (finding dismissal of shotgun pleading was appropriate where plaintiff had been provided with an opportunity to amend).

**B. The Court lacks subject matter jurisdiction to review a state court foreclosure judgment.**

Moreover, based on Plaintiff's amended complaint and subsequent filings (Doc. 8), it appears Plaintiff filed this action with the intent to attack the state court's foreclosure judgment in Okaloosa County Case No. 2022 cv 00249. The state court docket reflects that a final judgment on Plaintiff's foreclosure action was entered in October of 2022.

Through this lawsuit, Plaintiff appears to be mounting a federal court challenge to the state court's judgment in his foreclosure action. That is problematic because of the *Rooker-Feldman* doctrine, which places "limits on the subject matter jurisdiction" of federal courts. *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). Under that doctrine, "federal district courts have no authority

to review final judgments of a state court." *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1069-70 (11th Cir. 2013). The *Rooker-Feldman* doctrine applies where "state court losers" are "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. "The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are inextricably intertwined with a state court judgment." *Goodman*, 259 F.3d at 1332 (cleaned up).

Here, Plaintiff was the loser in a prior state court foreclosure action. Plaintiff is complaining of injuries he has suffered as a result of the state court judgment in that foreclosure action. He appears to be asking this Court to review and reject the state court judgment. And the arguments he makes in this Court are "inextricably intertwined" with the state court foreclosure judgment. This case, therefore, falls within the confines of the *Rooker-Feldman* doctrine. As a result, this Court lacks the authority to provide Plaintiff the sought-after relief.[2] *See, e.g.*, *Symonette v. Aurora Loan Servs., LLC*, 631 F. App'x 776 (11th Cir. 2015) (affirming the district court's dismissal of claims under the *Rooker-Feldman* doctrine because they were

---

[2] While the *Rooker-Feldman* doctrine does not apply if a party did not have a "reasonable opportunity to raise his federal claim in state proceedings," *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009), there is no indication Plaintiff did not have a reasonable opportunity to bring his federal claims in state court.

"inextricably intertwined with a prior state court foreclosure judgment"); *Bedasee v. Fremont Inv. & Loan Co.*, 741 F. App'x 642 (11th Cir. 2018) (applying the *Rooker-Feldman* doctrine where "Plaintiffs lost in state court and they now seek a do-over in federal court with the goal of having the district court review and reject the state foreclosure judgment").

### III.   Conclusion

For the reasons set forth above, the undersigned **RECOMMENDS** that:

1. Plaintiff's amended complaint (Doc. 6) be **DISMISSED with prejudice** as an impermissible shotgun pleading and for lack of subject matter jurisdiction;

2. All pending motions be **DENIED as moot**; and

3. The Clerk of Court be directed to close this case.

At Pensacola, Florida, this 26th day of July 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's**

**order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**